The STATE of Ohio, Appellee,

v.

HARDING, Appellant.

[Cite as *State v. Harding*, 185 Ohio App.3d 318, 2009-Ohio-6882.]

Court of Appeals of Ohio,
Fifth District, Holmes County.

No. 09 CA 007.

Decided Dec. 28, 2009.

Steven Knowling, Holmes County Prosecuting Attorney, and Christine C. Williams, Assistant Prosecuting Attorney, for appellee.

Jeffrey G. Kellogg, for appellant.

HOFFMAN, Judge.

{¶ 1} Defendant-appellant, Timothy Harding, appeals the April 28, 2009 journal entry of the Holmes County Municipal Court finding him guilty of menacing, in violation of R.C. 2903.22. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} On January 6, 2009, Adam Smail contacted the Millersburg Police Department to report threats of physical harm made to him by appellant. At the time of the incident, appellant was involved in a relationship with Smail's ex-wife. Smail had gone to his ex-wife's home to retrieve firewood and some personal

belongings. Appellant then called Smail and made the alleged threats. Smail reported that appellant threatened to "come and get him and beat him up" and told him to watch his back because he was going to come after him.

{¶ 3} As a result of the exchange, appellant was charged with menacing, in violation of R.C. 2903.22, a misdemeanor of the fourth degree.

{¶ 4} On April 28, 2009, the Holmes County Municipal Court found appellant guilty of the charge following a bench trial.

{¶ 5} Appellant now appeals, assigning as error:

{¶ 6} "I.   The trial court erred by not granting appellant's motion for acquittal at the close of the state's case."

{¶ 7} At the close of the state's case, appellant moved the trial court for an acquittal pursuant to Crim.R. 29, which states:

{¶ 8} "(A) Motion for judgment of acquittal

{¶ 9} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

{¶ 10} In the case sub judice, appellant was charged with menacing, in violation of R.C. 2903.22.  The statute reads:

{¶ 11} "(A) No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

{¶ 12} At trial in this matter, Smail testified:

{¶ 13} "Adam: Well um I'm in the mist of getting a divorce and a Mr. Harding keeps sticking his nose into this divorce and wanted to be a part of it for some reason.  And a I went and got some personal belongings that were from my a previous um place a where I lived and a and when I went there he had come out and got aggressive with me and I told him I would call the cops on him and stuff and he a and he just continues to be aggressive with me and very mouthy and belligerent with me.  But I went and got some personal possessions from my house and he called me on my phone after a I had left the house and he was saying stuff like 'Oh you think you are real cute don't cha' and then started to threaten me saying that I better watch over my shoulder he'll be coming to get me a he's got friends um stupid derogatory comments like I heard I heard you like it up the a* * and stuff like that.  Just demeaningful and constantly on me about something.

{¶ 14} "Williams: O.K. When he said these threats to you um that he was going to jump you or he was going to beat you up did you think that he was true or did you think that he was actually going to carry out these things?

{¶ 15} "Adam: This this incident would be the fourth time that this has happened with Mr. Harding.

{¶ 16} "Williams: O.K. And on the date though on January 6th of 09 did you think he was capable of carrying out those threats?

{¶ 17} "Adam: Well that's what he keeps saying.

{¶ 18} "Williams: O.K. Are you; are you worried that he is going to cause you or someone you know your immediate family some harm because of these threats?

{¶ 19} "Adam: I'm not really worried of him I just want it to stop."

{¶ 20} On cross-examination, Smail further testified:

{¶ 21} "Adam: I said just a little bit ago I wasn't afraid. I was worried and concerned at the time. This is all do [sic] to my wife and me getting a divorce and he has stuck his nose in the middle of it and will not get off my case about it. They have made false police reports against me. They have accused me over and over of many many things and this has gone on and on even with a non-contact order Mr. Harding has continued to harass me.

{¶ 22} " * * *

{¶ 23} "Adam: I run a business. I run into him all the time and he doesn't need to have the chance to harass me every time he sees me.

{¶ 24} "Kellogg: So you brought these charges against him so he would leave you alone?

{¶ 25} "Adam: I have a business to protect at the same time.

{¶ 26} "Kellogg: But not because you were afraid of him.

{¶ 27} "Adam: I'm not afraid of Mr. Harding. I wish he would just leave me alone."

{¶ 28} Upon review of the testimony and the record, we find that the evidence before the trial court was insufficient to sustain the conviction on the offense of menacing.[1] The alleged victim's trial testimony demonstrates that he did not in fact believe that appellant would cause him physical harm. Appellant's "capability" to cause harm is insufficient standing alone to support the charge; rather, the state must demonstrate that the victim actually believed that appellant would

---

1. Though appellant may have committed an act of disorderly conduct or have been in violation of a noncontact order such charges were not before the trial court.

cause harm to him his property, or his family.   The state did not meet its burden under the facts of the case.

{¶ 29} Appellant's first assignment of error is sustained.

{¶ 30} The April 28, 2009 journal entry of the Holmes County Municipal Court finding appellant guilty of menacing is reversed.

Judgment reversed.

GWIN, P.J., and EDWARDS, J., concur.